Opinion

per curiam:

This case comes before the court on appeal by claimants from the judgment of the Indian Claims Commission dismissing the petition on the findings of fact and opinion entered by the Commission.
The Commission found as facts that appellants had not submitted sufficient evidence to establish: (1) that they are a tribe, band or identifiable group of Indians; (2) that they are successors in interest of any particular aboriginal tribe, band or identifiable group of Indians; (3) that they are the successors in interest to any Indians who, aboriginally and up to 1855, resided on the Sauk and Suiattle rivers, and exclusively occupied any definable area; (4) that they, if any, who may have resided upon the Sauk and Suiattle rivers, aboriginally, and up to 1855, constituted an identi-. fiable historic Indian tribe, band or group. The Commission made further findings of fact from the record (5) that each village of Indians in the area involved was politically autonomous and that each such village had its own section of territory; (6) that there is no evidence that aboriginally and prior to 1855 there was a merger of the autonomous villages in the area involved; (7) that appellants are members of, or descendants of members of, any particular aboriginal village. The Commission found that appellants appear to be members of, or descendants of members of, more than one autonomous aboriginal village.
The Commission set forth in its findings and opinion that the Skagit Tribe of Indians filed, in January 1951, a claim with the Commission based on the cession of land made by it, and other tribes, by treaty to the United States in January 1855, which cession includes the lands claimed by appellants alleging that said Skagit Tribe and the other tribes making the cession were the aboriginal owners thereof and had re *59 ceived an unconscionable consideration for said lands. If appellants are descendants or members of said Skagit Tribe they will be beneficiaries of any award that may be made in the case of the Skagit Tribe, Docket No. 92.
In its opinion the Commission reached the following conclusion from the record:
If the Indians are descendants of the Sah-ku-me-hues, as claimant requests us to find, then they are precluded from suing as a non-treaty tribe because they were parties to the Point Elliott Treaty; if they are descendants of the Skagits then they are precluded because the Skagits were parties to the Point Elliott Treaty; and for the further reason that the Skagits were parties to the Duwamish suit heretofore mentioned [79 C. Cls. 530], and are plaintiffs in a suit now pending before this Commission, styled Docket No. 92, based on the same land involved in the pending suit.
We have studied the record in the light of the briefs and arguments of counsel and we are clearly of the opinion that the findings of the Commission are supported by substantial '-evidence, and we concur in the above-quoted conclusion of the Commission.
The judgment of the Commission dismissing appellants’ petition is, therefore, affirmed.